The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LUCAS ZAMORA,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C17-346RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on petitioner Jose Lucas Zamora's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Dkt. # 1. For the reasons set forth below, the Court DENIES petitioner's motion.

In October 2008, following a four-day trial, a jury found petitioner guilty of conspiracy to distribute 50 or more grams of pure methamphetamine (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846), distribution of at least 5 grams of pure methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2), and possession with intent to distribute 500 or more of a mixture or substance containing methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2).

At sentencing, the Court found petitioner faced an offense level of 36 and a criminal history category of four. Case No. CR08-36RSL, Dkt. # 108. That criminal history category reflected eight criminal history points based on multiple previous convictions, though none of those convictions was counted as a crime of violence. The

applicable Sentencing Guidelines generated a recommended sentence of 262 to 327 months. Case No. CR08-36RSL, Dkt. # 108 at 18. The Court determined a Guidelines sentence would be longer than necessary, and instead sentenced petitioner to 180 months' imprisonment, plus five years of supervised release. Id. Petitioner's conviction was affirmed on appeal. Case No. CR08-36RSL, Dkt. ## 128, 129.

In this § 2255 motion, petitioner argues several Supreme Court cases decided since then undermine the legality of his sentence. He cites the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Mathis v. United States, 136 S. Ct. 2243 (2016). He also refers to Beckles v. United States, 137 S. Ct. 886 (2017), which was pending before the Supreme Court when petitioner filed this motion but has since been decided.

Petitioner's motion fails for two reasons. First, petitioner's motion is untimely. Motions under § 2255 must be filed within one year of the date on which the Supreme Court initially recognized the right asserted. 28 U.S.C. § 2255(f)(3). The Supreme Court decided Johnson June 26, 2015, see 135 S. Ct. at 2551, and petitioner filed this motion March 6, 2017, Dkt. # 1, more than one year later. To the extent petitioner asserts rights recognized by the Supreme Court in Johnson, his motion is time-barred.

Second, petitioner's motion fails because Johnson, Mathis, and Beckles do not apply to his case. Johnson and Mathis involved a sentencing enhancement in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), that imposes a 15-year minimum sentence on offenders with two or more drug offenses or violent felonies. ACCA defines "violent felony" as including any crime that is "burglary, arson, or extortion, [or] involves use of explosives." Id. § 924(e)(2)(B)(ii). The definition also has a residual clause that includes any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id.

In Johnson, the Supreme Court struck down the residual clause as unconstitutionally vague, 135 S. Ct. at 2563, which the Court later determined was a substantive decision retroactive in cases on collateral review, Welch v. United States, 136

1 S. Ct. 1257, 1268 (2016). In Mathis, the Court applied the "categorical approach" for
2 determining whether state crimes fall under the generic crimes ACCA enumerates, and
3 held state convictions do not qualify if an element of the state crime is broader than an
4 element of the listed generic offense. 136 S. Ct. at 2251. Neither case impacts the legality
5 of petitioner's sentence. He was not convicted or sentenced under the ACCA sentencing
6 provisions at issue in either case, and his Sentencing Guidelines range was not enhanced
7 by a prior conviction for a "violent felony" or "crime of violence."

      Nor does Beckles affect petitioner's sentence. There, the petitioner brought a vagueness challenge to an enhancement in the Sentencing Guidelines that defines "crime of violence" with the same residual clause language at issue in Johnson. Beckles, 137 S. Ct. at 890. The Beckles Court held the Guidelines enhancement survived Johnson because the Guidelines are merely advisory and not subject to vagueness challenges. Id. at 895. That holding forecloses relief for petitioner on this motion. Even had petitioner's Guidelines range been enhanced by a prior "crime of violence," the Supreme Court's holding in Beckles makes clear he would not be entitled to relief.

      The Court further finds that no evidentiary hearing is required, because the record conclusively shows petitioner is not entitled to relief. See 28 U.S.C. § 2255(b). Likewise, petitioner has not substantially shown a denial of his constitutional rights, and the Court concludes no certificate of appealability should issue. See id. § 2253(c)(2).

      For the foregoing reasons, the Court ORDERS:

(1) Petitioner's motion (Dkt. # 1) is hereby DENIED.

(2) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 31st day of August, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING 28 U.S.C. § 2255 PETITION - 3
*Jose Lucas Zamora v. U.S.*, C17-364RSL